IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| James Serfass and Joan Serfass ) | C/A No. 8:07-cv-00090-GRA |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | (Written Opinion) |
| The CIT Group/Consumer ) | |
| Finance, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I.     INTRODUCTION**

This matter comes before the Court upon Defendant's Motion for Summary Judgment filed on December 11, 2007, and Plaintiff's Motion to Strike filed on the same day. After review of the parties' briefs and oral arguments presented to this Court on Thursday, January 24, 2008, the Court took both motions under advisement. This Order will address both motions.

**II.    FACTS**

The Serfasses refinanced their home with CIT on September 23, 2005. The Serfasses' first payment of $1,220.08 was due November 1, 2005, and payments were due the first of each following month. The Serfasses made their payments for November and December 2005 as well as their January 2006 payment.

The Serfasses sent check number 2099 for their February payment. They then requested a payoff amount for refinancing with another lender. CIT credited their account and supplied a corresponding payoff statement. After supplying the payoff statement, CIT received notice that the Serfasses' payment was returned

1

for insufficient funds. Thus, the Serfasses payoff was short in the amount of one payment – $1,220.08.

The Serfasses' February payment was dishonored for insufficient funds by their bank SunTrust. The Serfasses' account did not have sufficient funds to honor the check because SunTrust debited their account twice for their January mortgage payment. Though the account was debited twice, CIT did not receive double payment. In fact, SunTrust later refunded the Serfasses' account for the improper debit calling it a "processing discrepancy correction." According to SunTrust, the double debit of the Serfasses' account was caused by either SunTrust or Bank of America, but not CIT. Once SunTrust refunded the $1,220.08 to the Serfasses' account, that money was available to the Serfasses to use as they wished, including paying CIT for the bounced check.

## III.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CIT Group's ("CIT's") Motion for Summary Judgment came before the Court on Thursday, January 24, 2008. After consideration of the materials submitted by the parties and oral argument, the Court grants CIT's motion in part and denies it in part.

The Serfasses make the following claims against CIT:

(1) Failure to record a mortgage satisfaction;
(2) Negligent misrepresentation;
(3) Violation of the Fair Credit Reporting Act;
(4) Violation of the Fair Debt Collection Act; and
(5) Violation of the Real Estate Settlement Procedures Act.

The Court grants CIT's Motion for Summary Judgment as to the Serfasses' claims for failure to record a mortgage satisfaction, negligent misrepresentation, violation of the Fair Credit Reporting Act, and violation of the Fair Debt Collection Practices Act. The Court denies CIT's Motion for Summary Judgment on the Serfasses' claims for violation of the Real Estate Settlement Procedures Act.

### A.     Failure to Satisfy Mortgage Under The South Carolina Mortgage Satisfaction Statute, S.C. Code Ann. § 29-3-310 and 320.

The Serfasses have sued CIT under the South Carolina mortgage satisfaction statute. Because they have not fully satisfied the mortgage, CIT is entitled to summary judgment on this claim. The statute requires a mortgage holder to file a satisfaction upon full payment of the mortgage. *See* S.C. Code Ann. § 29-3-310 and 320. No liability attaches under the statute until the obligation has been paid in full. *See Rowell v. Whisnant*, 600 S.E.2d 96 (S.C. Ct. App. 2004) (holding that creditor was not required to file satisfaction of mortgage until debtor paid amount due and attorneys fees as allowed by note.)

The Serfasses have not paid CIT in full for the mortgage. Although initially credited to their account, their February payment was returned for insufficient funds, and they have never made that payment. The Serfasses admit they received a refund of $1,220.08 for SunTrust's improper double debit of their January payment. They also admit that the check for the February payment was never paid and was returned for insufficient funds.

3

The testimony of the Serfasses' bank SunTrust also indicates that the Serfasses did not make their final mortgage payment. SunTrust's manager Terrance Asalone, testified that the January payment (check number 2078) was paid to CIT only one time. Then, SunTrust improperly debited that check a second time. That money was later refunded to the Serfasses and did not go to CIT. SunTrust's vice president of operations Lisa Jenkins testified that no one was paid twice on the January payment (check 2078), and the February payment (check 2099) bounced and was never paid to CIT. She also testified that CIT did not cause SunTrust to debit the Serfasses' account twice on the January check.

As a result, the mortgage with CIT has still not been paid in full. Because all the evidence shows that the Serfasses have not paid off their mortgage, CIT is not required to satisfy their mortgage, and CIT is entitled to summary judgment on the Plaintiffs' claim for failure to record a mortgage satisfaction.

**B.    Negligent Misrepresentation**

The Serfasses have sued CIT for negligent misrepresentation. Because they have not shown a false representation or their reliance upon it, CIT is entitled to summary judgment on this claim. To proceed with a claim for negligent misrepresentation, the Serfasses must show:

1. False representation by the Defendant;
2. Defendant's pecuniary interest in making the statement;
3. Defendant's duty to communicate truthful information;
4. Breach of that duty;
5. Justifiable reliance by the Plaintiff; and
6. Pecuniary loss proximately caused by the representation.

4

*Sauner v. Public Service Authority of South Carolina*, 581 S.E.2d 161, 166 (S.C. 2003). There is no evidence that CIT made false representations to the Serfasses or that they relied upon CIT's representation. CIT's communication with the Serfasses simply indicated that they owed an additional mortgage payment – which they did.

Because the mortgage debt was not satisfied, CIT made no false representations. In addition, the Serfasses admit they have never relied upon anything CIT told them. Therefore, the Court grants CIT's Motion for Summary Judgment as to this claim.

### C.  Fair Credit Reporting Act

In their brief and in oral argument, the Serfasses agreed they do not have a claim under this act. The Court, thus, grants CIT's Motion for Summary Judgment as to this claim.

### D.  Fair Debt Collection Practices Act

The Serfasses have sued CIT for violations of the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 (1997) (FDCPA). The FDCPA regulates parties that collect debts for others. These parties are defined as debt collectors. As a creditor collecting its own debts, CIT is not regulated by this act. Thus, it is entitled to summary judgment on this claim.

CIT is a finance company that originates and services home loans. The Serfasses refinanced their home with CIT. CIT originated and serviced the Serfasses' conventional home loan. CIT did not use a third party or a pseudonym

5

in servicing the Serfasses' account. It loaned the funds and serviced the account in its own name.

The FDCPA exempts creditors and mortgage companies from its regulation for their direct collection efforts to recover their own debts. *See*, 15 U.S.C. § 1692(a)(6)(A); *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp 2d. 709 (E.D. Va. 2003), <u>aff'g</u>. 67 Fed. App'x. 238 (2003); *McAnaney v. Astoria Financial Corp.*, 357 F. Supp 2d. 578 (E.D.N.Y. 2005), *recon. denied*. 233 F.R.D. 285; *In re Cooper*, 253 B.R. 286 (N.D. Fla. 2000); *Oldroyd v. Associates Consumer Discount Company/PA*, 863 F. Supp. 237 (E.D. Pa. 1994) (finding mortgage company not a "debt collector" within meaning of FDCPA). An incorporated mortgage lender's servicing division and its employees are exempt from the Act where debt collection activities are limited to debts owed to the mortgage lender. *Beck v. Alliance Funding Co.*, 113 F. Supp 2d. 274 (D. Conn. 2000).

CIT was acting as a creditor under the FDCPA. It is, therefore, not subject to the Act's requirements, and it is entitled to summary judgment on this claim.

### E.    Real Estate Settlement Procedures Act (RESPA)

The Serfasses have sued CIT for violations of the Real Estate Settlement Procedures Act 15 U.S.C.A. § 2601 (1996) (RESPA). Among other requirements, RESPA requires that a servicer respond in writing to a qualified written request from a borrower within sixty days. Because CIT did not respond in writing to the request made by the Serfasses' attorney, the Court denies CIT's Motion for Summary Judgment on this cause of action.

6

The Serfasses' attorney sent CIT a letter dated July 26, 2006, to which CIT did not respond in writing. However, CIT investigated the Serfasses' claims as required by RESPA, CIT called the Serfasses' lawyer to explain the problem, and CIT called the Serfasses to explain the problem. CIT did not, however, send a specific written response to the attorney's letter.

RESPA entitles a plaintiff to recover actual damages arising from a creditor's failure to comply with its provisions. *See* 12 U.S.C. § 2605(f)(1)(a). The actual damages must arise as a result of a failure to comply with the act. *Id.* Thus, the Serfasses must show actual damages as a result of CIT's failure to send them a written explanation of what they were told by telephone.

CIT admits it did not send a written response to the letter from the Serfasses' attorney. The Court finds that there is evidence supporting the claim that CIT failed to comply with RESPA by sending a written explanation.

Thus, the Court denies CIT's Motion for Summary Judgment as to this claim. The Serfasses may go forward on this claim to the extent that they are able to show economic harm as a result of not receiving a written explanation of the amount due on their loan. *See Katz v. Dime Savings Bank*, 992 F. Supp. 250 (W.D.N.Y. 1997) (borrower must show some actual economic harm from the lender's failure to send a written explanation).

Therefore, the Court orders that CIT's Motion for Summary Judgment as to the Serfasses' claims for failure to satisfy mortgage, negligent misrepresentation, violation of the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act

7

be granted. Further, the Court denies CIT's Motion for Summary Judgment on the Real Estate Settlement Procedures Act claim.

## IV.     PLAINTIFFS' MOTION TO STRIKE

Plaintiffs' Motion to Strike came before the Court on Thursday, January 24, 2008.  Plaintiffs ask the Court to strike three of CIT's defenses: (1) statute of limitations, (2) unconstitutionality of punitive damages, and (3) comparative negligence.  After consideration of the materials submitted by the parties and oral argument, the Court grants the Serfasses' motion.

As to the  statute of limitations defense, Defendant CIT has agreed to withdraw this defense in its Memorandum in Opposition to the Motion to Strike. Therefore, the Court grants the plaintiffs' Motion to Strike as to this defense.

Plaintiffs also ask the Court to strike Defendant's statement in its Answer that punitive damages are unconstitutional because they violate the due process and equal protection clauses of the U.S. Constitution and South Carolina Constitution.  However, as Plaintiffs point out, this issue and determined that punitive damages are not "*per se* unconstitutional." *Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032,  1043 (U.S. 1991).  Rather, a court must review an award of punitive damages to determine whether the award is reasonable and not violative of due process.  Therefore, the Court grants Plaintiffs' Motion to Strike as to CIT's claim that punitive damages are unconstitutional.

Finally, Plaintiffs request that the Court to strike the defense of comparative negligence. Considering the Court's decision to grant CIT's Motion for Summary

Judgment on the claim for negligent misrepresentation, the Court will grant Plaintiffs' Motion to Strike the defense of comparative negligence.

**V.     CONCLUSION**

IT IS THEREFORE ORDERED THAT Defendant's Motion for Summary Judgment is GRANTED as to the plaintiffs' claims for failure to satisfy mortgage, negligent misrepresentation, violation of the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act. However, CIT's Motion for Summary Judgment on the Real Estate Settlement Procedures Act claim is DENIED.

IT IS FURTHER ORDERED THAT Plaintiffs' Motion to Strike is GRANTED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 7, 2008