IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

James Serfass and Joan Serfass,     )
                               )     Civil Action No. 8:07-90-WMC
             Plaintiffs,     )
                               )
     vs.                    )     **O R D E R**
                               )
The CIT Group/Consumer Finance, Inc.,     )
                               )
             Defendant.     )

This matter is before the court on the plaintiffs' motion for reconsideration (doc. 63) and motion for attorney fees and costs (doc. 64).  The defendant opposes both motions.

The plaintiff homeowners filed a complaint against the defendant mortgage lender alleging (1) failure to record a mortgage satisfaction; (2) negligent misrepresentation; (3) violation of the Fair Credit Reporting Act; (4) violation of the Fair Debt Collection Act; and (5) violation of the Real Estate Settlement Procedures Act ("RESPA").  On February 7, 2008, the Honorable G. Ross Anderson, Jr., United States District Judge, entered an order granting the defendant's motion for summary judgment on the claims for failure to satisfy mortgage, negligent misrepresentation, violation of the Fair Credit Reporting Act, and the Fair Debt Collections Act.  The court denied the motion as to the RESPA claim "because CIT did not respond in writing to the request made by the Serfasses' attorney."  Judge Anderson's Order, 2/7/08, at p. 6.  Judge Anderson further stated:

> The Serfasses may go forward on this claim to the extent that they are able to show economic harm as a result of not receiving a written explanation of the amount due on their loan. *See Katz v. Dime Savings Bank*, 992 F. Supp. 250 (W.D. N.Y. 1997) (borrower must show some actual economic harm from the lenders' failure to send a written explanation).

*Id.* at p. 7.

The case was referred to this court for disposition on April 23, 2008, upon consent of the parties pursuant to Title 28, United States Code, Section 636(c), and Local Rule 73.01(B), DSC, by order of Judge Anderson.  A bench trial was held on August 18, 2008.  This court issued Findings of Fact and Conclusions of Law on September 10, 2008, awarding the plaintiffs $1,000 in statutory damages and finding that the plaintiffs did not prove actual damages as a result of the defendant's failure to send a written explanation of the amount due on the loan.

### *Motion for Reconsideration*

On September 12, 2008, the plaintiffs filed a motion for reconsideration.  The plaintiffs specifically request that the court make findings of fact and conclusions of law with regard to the defendant's failure to protect their credit rating as required by RESPA.  *See* 12 U.S.C. § 2605(e)(3).[1]  Mr. Serfass testified at trial that he was denied credit and his credit rating was harmed by the defendant's reports during the 60-day time period following his written requests to the defendant.  The plaintiffs contend that the largest portion of their damages was related to denial of credit and credit rating harm caused by the defendant's actions.  The plaintiffs argue:

> The language of Judge Anderson's order allowing plaintiffs to go forward on their RESPA claim to the extent they are able to show economic harm resulting from RESPA violation should not operate to bar plaintiffs from obtaining findings under RESPA § 2605(e)(3) as well as other sections of § 2605.

---

[1]The statute provides in pertinent part as follows:
(3) Protection of credit rating
During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of Title 15).
12 U.S.C. 2605(e)(3).

2

(Pl. m. for reconsideration 2).  The defendant opposes the motion, arguing that the only testimony to actual damages was by Mr. Serfass, who testified that he believed he had been damaged between $50,000 and $100,000, but he did not offer any evidence of how he incurred these damages or where the numbers originated.

This court agrees with the defendant.  Even if the trial had not been limited to the issue of "the extent that [the plaintiffs] are able to show economic harm as a result of not receiving a written explanation of the amount due on their loan," the plaintiffs failed to show actual damages caused by the defendant's failure to protect their credit rating.  The evidence at trial showed that while the defendant did report the plaintiffs' overdue payment to the credit reporting agencies, the plaintiffs suffered no actual damages as a result of these reports.  Mr. Serfass had a prior bankruptcy on his credit report, which would remain on his report until 2008.  He had no credit cards prior to this dispute, and he has none now.  Mr. Serfass refinanced his home at an 8.5% interest rate in February 2006.  The mortgage was a 100% loan-to-value mortgage.  While Mr. Serfass claimed that he would have refinanced the house again in August 2006 if his credit scores had not suffered due to the defendant's reporting, testimony from Wes Garrett, who assisted the plaintiffs in refinancing their home in February 2006, showed that this mortgage would have been difficult to refinance in such a short time regardless of Mr. Serfass' credit score.  The court was likewise unconvinced by the plaintiff's testimony that he would have refinanced his 2003 Kia Sedona, which had 69,000 miles on it, had it not been for the defendant's reports to the credit reporting agencies.  Based upon the foregoing, this court finds that the plaintiffs did not prove actual damages related to denial of credit and credit rating harm.

3

**Motion for Attorney Fees and Costs**

The plaintiffs filed a motion for attorney fees and costs on September 17, 2008. The plaintiffs seek attorney fees in the amount of $45,502.50 and costs in the amount of $5,808.00. The defendant opposes the motion.

As discussed above, on February 7, 2008, Judge Anderson granted summary judgment on four of the plaintiffs' five claims (all claims except the RESPA claim). In its opposition to the motion for attorney fees, the defendant notes that it made several offers of judgment to the plaintiffs: March 6, 2008, offer of judgment for $10,000; April 18, 2008, offer of judgment for $15,000; August 14, 2008, offer of judgment for $20,000 (def. opp. m. for atty. fees, ex, D, E, F, G). The plaintiffs rejected all offers of judgment.

The RESPA provides in pertinent part:

(3) Costs
In addition to the amounts under paragraph (1) or (2) [referring to actual or statutory damages], in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

12 U.S.C. § 2605(f)(3).

In an unpublished opinion, the United States District Court for the Western District of Virginia stated as follows:

RESPA permits the court to award reasonable attorney's fees and costs to a party that prevails under the Act. The determination of whether a requested fee is reasonable begins with the lodestar formula-the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir.1998).

*Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330 *4 (W.D. Va. 2008) (parallel citations omitted). In determining the lodestar figure, the court is to be guided by the following factors:

"(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform

4

the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

*Brodziak v. Runyon*, 145 F.3d 194, 196 (quoting *EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir.1990)).

The plaintiff seeks $45,502.50 in attorney fees (attorney rate of $175.00 per hour and paralegal rate of $50.00 per hour). However, the motion does not state how many total hours were spent in attorney and paralegal time. From a review of the plaintiffs' supporting documents, it appears that approximately 240 hours of attorney time and 80 hours of paralegal time are being claimed[2] (pl. m. for atty. fees, ex. A). Accordingly, the court will consider the following factors to determine a reasonable number of hours spent in this action:

(1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform properly the legal service; (4) the attorney's opportunity cost in accepting the case; (5) the customary fee for such work; (6) the attorney's expectations at the outset of litigation; (7) any time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship between attorney and client; and (12) fee awards in similar cases.

*See Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir.1998). Here, factors (2), (3), (4), (5), (6), (7), (9), (10), (11), and (12) do not seem to affect the fee in this case.

---

[2]Plaintiffs' counsel's time records do not total attorney and paralegal time separately, so each entry was reviewed to approximate the number of attorney and paralegal hours.

Factor (1), the time and labor required to litigate the suit, weighs in favor of reducing the number of hours. The defendant argues that the plaintiffs' attorney should not be awarded a large sum for unnecessarily complicating and prolonging litigation by continuously rejecting the defendant's reasonable settlement offers that far exceeded the damages to which the plaintiffs were entitled. The defendants further argue that the fees and costs sought by the plaintiffs' attorney are not reasonable or related to the claim upon which the court ultimately awarded $1,000.00 in statutory damages. It appears that the plaintiffs' attorney has submitted almost every minute of time devoted to the lawsuit even though four of her five claims were dismissed on summary judgment. For example, on January 15, 2007, the entry states "rec'd notice of removal - review, TC client," with 1.7 hours charged by the plaintiff's counsel and 0.7 hours charged by her paralegal. The plaintiff's counsel noted that the entire 1.7 hours were "RESPA related." In addition, despite the numerous time entries kept in tenths of an hour, there are no entries for less than two tenths of an hour - even those entries for reading short emails from the court (*see*, for example, entries for April 10 and 14, 2008; May 15, 2008; and July 2, 2008).

The defendant also argues that plaintiffs' counsel's own actions unreasonably multiplied the time and costs in this matter. For example, according to the defendant, plaintiffs' counsel insisted on flying to Oklahoma rather than taking depositions by telephone. Counsel also noticed 47 depositions to take place in Oklahoma, but ultimately agreed to take the deposition of a corporate designee under Federal Rule of Civil Procedure 30(b)(6) rather than the 47 depositions originally noticed (def. opp. m. for atty. fees, ex. B). Also, the defendant argues the plaintiffs did not acknowledge that their money had been returned due to a banking error even though their own bank documents reflected this. Instead, the plaintiffs' counsel deposed three bank employees (Branch Managers Terrance Asalone and Pat Sanders and Vice President of Operations Lisa Jenkins), who all confirmed that the error was caused by a bank rather than by the defendant.

This court has carefully reviewed the time sheets submitted by the plaintiffs' counsel. A number of the entries are filled with unnecessary time. For example, on January 15, 2007, counsel charged 1.7 hours with an explanation of "rec'd notice of removal - review, TC client." In addition, she charged 0.7 hours for her paralegal to do the same thing. Likewise, on January 30, 2007, she recorded 1.1 hours for "scheduling order; enter into calendar." On the same day, her paralegal charged 1.5 hours for the same task. Further, much of the time claimed by the plaintiffs' counsel and her paralegal were spent on secretarial tasks, which are not a proper component of attorney fees or costs. *See Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir. 1997) ("The district court meticulously deducted fees and costs associated with unsuccessful claims, eliminated hours spent on secretarial tasks from its calculation of the lodestar, and declined plaintiffs' request for an upward adjustment to the lodestar figure. This careful consideration of the fee awards was not an abuse of discretion."). For example, on September 28, 2007, 2.7 hours of paralegal time were charged for copying records.

Likewise, factor (8), the amount in controversy and the results obtained, weighs in favor of reducing the number of hours. "'[T]he most critical factor' in calculating a reasonable fee award 'is the degree of success obtained.'" *Brodziak*, 145 F.3d at 196. Here, four of the plaintiffs' five causes of action were dismissed on summary judgment, and at trial the plaintiffs were awarded only $1,000.00 in statutory damages on their RESPA claim. Further, the defendant had offered to settle the case for $20,000.00 before the trial.

After considering the foregoing factors and reviewing the time records of the plaintiffs' counsel, this court finds that 100 hours of attorney time and 40 hours of paralegal time were reasonable expended on the litigation of the RESPA claim. This court further finds, based on the plaintiffs' counsel's submissions, that the requested rates of $175.00 per hour for attorney time and $50.00 per hour for paralegal time are reasonable.

Accordingly, based upon the above-recited factors and analysis, a reasonable amount for combined attorney and paralegal fees in this action is $19,500.00.

The plaintiffs have also requested costs of $5,808.00. However, as argued by the defendant, Federal Rule of Civil Procedure 68(d) precludes such an award. Rule 68 concerns offers of judgment, and provides in pertinent part, "If the judgment that the offeree finally obtains is more favorable that the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed.R.Civ.P. 68(d). Here, the defendant made three offers of judgment: March 6, 2008, for $10,000; April 18, 2008, for $15,000; August 14, 2008, for $20,000 (def. opp. m. for atty. fees, ex, D, E, F, G). The first offer was made a month after Judge Anderson ruled on the motion for summary judgment, and both the first and second offers were made more than 10 days before the trial began. *See* Fed.R.Civ.P. 68(a). The trial verdict of $1,000.00 was significantly less than the lowest offer of judgment. Based upon the foregoing, the plaintiffs cannot recover their requested costs.

## CONCLUSION

Wherefore, based upon the foregoing, the plaintiffs' motion for reconsideration is denied. Further, the plaintiffs' motion for attorney fees and costs is granted in part and denied in part as set forth above.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

October 16, 2008

Greenville, South Carolina

8